UNITED STATES COURT OF APPEALS

FOR THE FIRST CIRCUIT

NO. 20-1195

EDWARD T. JONES

Plaintiff-Appellant

v.

LISA MITCHELL, MICHAEL DEVINE, AND, JOHN CAMELO

Defendants-Appelles

On Appeal From A Decision Of The

United States District Court For

The District Of Massachusetts

Reply Brief For Edward T. Jones

Date: August 17, 2021

Edward T. Jones

72 Day Street (Apt. 1L)

Fitchburg, Mass 01420

Tel: 857-237-1590

Email: Ej4431120@gmail.com

# TABLE OF CONTENTS

IN TRODUCTION..................................................................

TABLE OF AUTHORITIES.....................................................

SUMMARY OF ARGUMENT...................................................

ARGUMENT.........................................................................

   I. The district court erred when it failed to in-camera review and take into

   Consideration discoverable evidence requested, and, never filed with court as ordered.

   II. Plaintiff should have been allowed "Leave Of Court To Amend: Statement Of Undisputed

   Material Facts" that was never filed as a result of Stand-by counsels failure to assist and

   Provide discovery as court ordered.

   III. Court erred in allowing court appointed counsel to withdraw due to defendant's illegal/

   Unlawful confiscation and dissemination of Plaintiff's personal correspondence.

CONCLUSION......................................................................

CERTIFICATE OF COMPLIANCE............................................

CERTIFICATE OF SERVICE...................................................

# TABLE OF AUTHORITIES

CASES:

AGIWAL v. MID ISLAND MORTGAGE CORP., 555 F.3d 298 (2nd Cir. 2009)

BURREL v. ATT CORPORATION, no. 03 Civ. 2490 (SAS) (S.D.N.Y. Oct. 14, 2005).......

CELETEX CORP. v. CATRETT, 477 U.S. 317, 322 (1986).........................................

COMM v. PRESTON, 2006 Pa. Super. 170 (Pa. Super. Ct. 2006)................................

HAMMOND PACKING CO., v. ARKANSAS, 212 U.S. 322 (1909)............................

INTERNATIONALE v. ROGERS, 357 U.S. 197, 207 (1958).......................................

LABLANC v. GREAT AMERICAN INS. CO., 6 F3d 836 (1st Cir.)................................

POULIS v. STATE FARM FIRE CALSUALTY CO., 747 F2d at 868............................

ROSENBERG, 58 CAL. L. REV. 480, 484-486.......................................................

SCOTT v. HARRIS, 550 U.S. 372, 380 (2007).........................................................

SIEMS v. CITY OF MINNEAPOLIS, 560 F3d 824, 826 (8th Cir. 2009)..........................


CONSTITUTIONAL PROVISIONS:

U.S. Const. Amend. VIII..............................................................................

Fed. R. Civ. P.:

Rule 26(c) ...............................................................................................

Rule 37(d)(1)(A)........................................................................................

Rule 56(c)(2).............................................................................................

## INTRODUCTION

This Case is on appeal from the U.S. District in Massachusetts. Plaintiff-Appellant filed his brief on April 26, 2021, raising several concerns with a summary judgement ruling that was made without exculpatory discoverable evidence, never filed with the as ordered, being reviewed or considered. Plaintiff-Appellant also raises concerns with the district court refusal to grant Plaintiff-Appellant his first, and only, request for "leave" to cure a deficiency, in filing a "Statement Of Undisputed Material Facts" and "Table Of Contents" prior to summary judgement ruling; that was unknowingly to Plaintiff-Appellant, never filed with his summary judgement pleading as a result of court appointed stand-by counsel's failure to assist Plaintiff-Appellant as court ordered, court appointed stand-by counsel's failure to provide Plaintiff-Appellant with discoverable evidence they were custodian of (evidence Plaintiff-Appellant was not allowed by the court to possess, as a result of a protective order initiated by defense), and, stand-by counsel's failure to file "Table of Contents and "Statement of Material Facts" relating to the discoverable evidence they were custodian of. Plaintiff-Appellant presents that the summary judgment ruling erroneous, because the evidence ordered to be filed with the court, and, the court said that it would review and consider prior to any summary judgement ruling, or, at trial, was never filed with court as ordered, therefore, it was never considered or reviewed.

Appelee's reply to Plaintiff-Appellant's brief does not explain their reasons for defying court ordered to file discovery. Basically, appelee's brief only argues that the district court's decision was fair and just; which Plaintiff-Appellant dispute. Because the the exculpatory discoverable evidence, that, was never filed as ordered; if reviewed and considered, would have presented

substantial and factual evidence of an Eighth Amendment violation substantiating defendant's awareness of a substantial risk of physical and mental harm. That, did occur in this case.

## SUMMARY OF ARGUMENT

The court's error to review and consider exculpatory/discoverable evidence, never filed with court as ordered, prejudiced Plaintiff. Plaintiff should have been allowed his first, and only, request to court for "Leave", to amend "Statement Of Undisputed Material Facts". Court erred in allowing court appointed counsel's withdrawal, occurring as a result of defendants' illegal and/or unlawful confiscation, and, dissemination of Plaintiff's personal mail to court appointed counsel.

## ARGUMENT

1. In reply to defense arguments, Plaintiff moves this Appellate court to acknowledge defense's failure to present any type of reply argument regarding their willful, intentional, and, bad faith failure to produce court ordered discovery; that, in fact, resulted in major prejudice to Plaintiff's claim: Brief Of Plaintiff- Appellant Edward T. Jones/Statement Of Case, para #s18-24; Argument #27.

   As Plaintiff pointed out to this court, the discovery sought, and, ordered by the district court to be filed and turned over (Vernon Thompson's 2015 DOC full Classification Report and Bridgewater State Hospitals 2015 Evaluation Report) would have factually documented

5

defendant's personal knowledge of O.C.C.C. mental health Residential Treatment Unit clinicians -using their mental health medical authority and going over defendant's heads and removing Thompson from O.C.C.C.- by transferring Thomson out of O.C.C.C. to BSH as a direct result to protect Plaintiff from Thomson's sexual and physical abuse; because defendant's constantly failed to take their (RTU/mental health clinicians') advice and separate Thompson and Plaintiff by facility/institutions.

Defense reasons for, at the least, NOT filing such documents with the district court as ordered to do so, was, and is, deliberate; and, the reasons they put forth in the district court for not doing so is totally invalid. For the simple fact that (1) there was a protective order put forth in this case by the district court judge (at defense' own request) regarding ALL discovery, (2) there was court order put in place by the district court judge not allowing Plaintiff to possess any discovery turned over by defense, and, (3) ALL discovery turned over by defense was held in the possession of Robinson & Cole, Plaintiff's (so-called) standby counsel; and (4) the discoverable documents would have been only in the possession of the district court under file. There was no sufficient reason at all, for defense, not, to file such discoverable documents as the district court order stated be done. And, just for the record, such discovery was to be viewed and taken into consideration by the district court judge, "at trial, [or], 'prior to any summary judgement decision' being made"; the district court judge stated such would occur, absent such would automatically result in prejudice to Plaintiff. [1]

"In addition to a willful or intentional failure to provide discovery, the court finds... causing prejudice to Plaintiff" Siems v. City of Minneapolis, 560 F. 3d 824, 826 (8th Cir. 2009), see also

---

[1] The district court judge made an erroneous decision by stating "there was no evidence of defendant's awareness of harm to Plaintiff", without first reviewing the discovery that he said he would hold an in-camera review on prior to any discovery decision being made; and, that, was NOT filed with court as ordered.

6

indicating that the failure to provide Appellant with accurate discovery documents was caused by factors outside the prosecutor's control". Comm v. Preston, 2006 Pa. Super. 170 (Pa. Super. Ct 2006). "Magistrate judge… informed [Agiwal] that his failure to provide discovery was NOT acceptable, and that the court would not tolerate [Agiwal's] non-compliance with Orders of the court". Agiwal v. Mid Island Mortgage Corp., 555 F.3d 298 (2nd Cir. 2009). As in Agiwal, Plaintiff moves this appellate court to not tolerate defendant's failure to comply with courts order that resulted in prejudice to Plaintiff. See also Burrel v. Att Corporation, no. 03 Civ. 2490 (SAS) (S.D.N.Y. Oct. 14, 2005). "Prejudice to the adversary… failure to provide discovery or obey court's order". U.S. v. $1,322,242.58, 938 F.2d 433 (3rd Cir. 1991 ), Poulis v. State Farm Fire Casualty Co., 747 F.2d at 868. As the court noted, the claimant's "failure to provide discovery impaired the governments ability to establish the source of the seized money"; in this case, it impaired Plaintiff's ability to document, show, and, prove defendant's awareness of actual and foreseeable mental and physical harm…

"(2) unacceptable excuse for failing to Act. A failure described in Rule 37(d)(1)(A) is not excused on the ground that the discovery sought was not objectionable, unless the party failing to act has a 'pending' motion for a protective order under Rule 26(c)". In this appellate case, a motion for a protective order had already been heard on, and, ALLOWED. Wherefore, there was no reason whatsoever for defense to NOT provide such discovery; unless, there was something in such discovery that defendant's did not want known, seen, verified. See Hammond Packing Co., v. Arkansas, 212 U.S. 322 (1909): "The provisions of this rule authorizing orders establishing facts or excluding evidence or striking pleadings, or authorizing judgements od dismissal or default, for the refusal to… or otherwise make discovery." Although Plaintiff properly motioned the district court compelling such discovery (noting such discovery's

importance); the district court erred in it's failure to (1) hold defense accountable for failing to adhere to such order to file such discovery, and, (2) to hold an in-camera review pertaining to such discovery prior to ruling on any motion for summary judgement, or, trial – as the district court stated would occur. See Rosenberg, 58 Col.L.Rev. 480, 484-486 "should provide comprehensively for the enforcement of all orders" related to discovery. Internationale v. Rogers, 357 U.S. 197, 207 (1958).

2. First and foremost, Plaintiff is, in fact, the moving party in this case "a non-moving party may not rest on mere allegation or 'denial' of his pleadings..." Leblanc v. Great American Ins. Co., 6 F.3d 836 (1st Cir.).

Fed. R. Civ. P. 56 (c) (2), clearly state that Summary Judgement should be granted where "the pleadings, 'the discovery' and disclosure materials 'on file'... show that there is no genuine issue as to any material fact and that the movant is entitled to judgement as to any matter of law." Celetex Corp. v. Catrett, 477 U.S. 317, 322 (1986).

In ruling on summary judgement in this case, the court could not have taken into consideration "discovery" and "disclosure materials 'on file'; because such was never filed as ordered. Which directly prejudiced Plaintiff. Upon hearings and motions it was made quite clear to the court that Thompsons "2015 Bridgewater State Hospital Evaluation Report" and Department Of Corrections "2015 Classification reports" was crucial discovery, that, would sufficiently prove essential elements establishing proof of Eighth Amendment violations against Jones by defendant's. (1) these documents name defendant's personally, (2) these documents were signed by some of the defendant's, and, these documents personally prove ALL defendant's awareness of mental and physical harm to Plaintiff; as documented by mental health clinician, Ms. Vanessa Martino Fleming in LMCH Response To Court's April 18, 2019 court ordered deposition

8

(Document 145). It was error for the court to rule summary judgement against Plaintiff, holding that Plaintiff's story was contradicted by the record, when the court failed to take the complete record into consideration. As stated, "when opposing parties tell two different stories, one of which is contradicted by the record, so that no reasonable jury could believe it, a court should not adopt that version of the facts for purposes of ruling on a motion for summary judgement." Scott v. Harris, 550 U.S. 372, 380 (2007). The discovery that was never filed as ordered, and, as the record reflect, deemed to be viewed in-camera; would have disputed any contradiction in Plaintiff's behalf; defense knows this, that's why it was never filed, as ordered.

It was erroneous to order the evidence be filed with the court, and, say that you are going to hold an in-camera review on such evidence prior to trial or any summary judgement ruling; and then, not do so upon compel to be filed, and, reminded request to review. Wherefore, summary judgement against Plaintiff was entered in error.


(3) once again, Plaintiff presented good cause for leave to amend, it is a longstanding rule to grant leave, especially if it allows a pro-se litigant to correct a defect, mistake, or, motion filing. See Balistieri, 901 F.2d at 701; Brier v. Northorn California *Bowling Proprietor's Ass'n, 316 F.2d 787, 790 (9th Cir. 1963). Although "Leave To amend" is left to the discretion of the district court; it shouldn't be denied, especially when it was Plaintiff's only request for "Leave" [in this case] to "Amend" filings [or] motions. Plaintiff should have had the ability to amend as a matter of course, at the least, once.

## CONCLUSION

In conclusion, in the interest of fairness and justice, a proper summary judgement decision could not have been made without considering ALL evidence. The district court acknowledged this fact, when it ordered such to be filed with the court; and, stated it would hold an in-camera review of such "at trial or prior to any summary judgement decision being made". As pointed out previously by Plaintiff, evidence under order to be filed and considered by the district court was, and is, evidence that, proves defendant's first-hand knowledge of all facts relating to, and substantiating defendant's awareness of a substantial risk of harm to not only Plaintiff, but, others as well; and, such also proves their intentional disregard of such harms. Resulting in Eighth Amendment violations against Plaintiff…

Respectfully Submitted,

Edward T. Jones, Pro-Se

*[signature]*

72 Day Street (Apt. 1L)

Fitchburg, Mass 01420

857-237-1590

## CERTIFICATE OF COMPLIANCE

I hereby certify that this brief complies with the type volume limitation imposed by the Federal Rules of Appellate Procedure 32(a)(7)(B). The brief was prepared using Microsoft word and contains no more than 1,917 words of proportionally spaced text. The type face is Times New Roman, 14-point font.

Signed, *[signature]*

Edward Jones, Pro-Se

Date: 8-17-2021

## CERTIFICATE OF SERVICE

I hereby certify that on August 17, 2021, I forwarded the foregoing REPLY BRIEF to be filed with the clerk of the United States Court of Appeals for the first circuit by U.S. Postal Service, first class mail.

I certify that I forwarded a copy of such REPLY BRIEF to defense counsel for defendants, Ms. Daryl F. Glazer, Legal Division, Department of Correction, 70 Franklin Street, Suite 600, Boston, Mass 02110-1300.

Date: 8-17-2021

Signed, _/s/ Edward Jones_

Edward T. Jones, Pro-Se

72 Day Street (Apt. 1L)

Fitchburg, Mass 01420

Tel: 857-237-1590

Gmail: EJ4431120@gmail.com

Mr. Edward T. Jones

72 Day Street (Apt. 1L)

Fitchburg, Mass 01420

Attention: Clerk Of Court/Alistair

    Appeals Court

    John Joseph Moakley U.S. Courthouse

    1 Courthouse Way

    Boston, Mass 02210

NO. 20-1195

Date: 8-17-21

Dear Madam/Sir,

   Enclosed, please find Plaintiff-Appellate Reply Brief. Can you please insure that such is filed accordingly with the appellate court as soon as may be convenient to do so.

   Thank you very much, and I await any response you may have regarding this filing and matter.

                                              Respectfully Submitted,

                                              _/s/ Edward T. Jones_

[Received stamp: 2021 AUG 20 PM 1:45 — US Court of Appeals, First Circuit, Received Clerk's Office]